**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **JAIME ANTONIO MARTINEZ,** | § | |
| | § | |
| **V.** | § | **A-13-CV-1060-LY** |
| | § | |
| **ERIC HOLDER, U.S. ATTORNEY** | § | |
| **GENERAL AND** | § | |
| **MICHAEL PEARCE, WARDEN,** | § | |
| **FCI BASTROP** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Jaime Antonio Martinez's Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 (Dkt. No. 1), filed on December 16, 2013. The District Court referred the above-case to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I.  GENERAL BACKGROUND AND ANALYSIS**

Petitioner Jaime Antonio Martinez ("Martinez"), Reg. No. 30442-179, is a federal prisoner incarcerated in the Bureau of Prisons ("BOP") at FCI-Bastrop. It appears that Martinez is serving a sentence that includes a federal sentence as well as a foreign, Mexican sentence. *See* Dkt. No. 45 in *United States v. Martinez*, No. 5:04-CR-00469 (S.D. Tex. filed Mar. 16, 2004). In the instant § 2241 petition, Martinez contends that in calculating his sentencing exposure for his Mexican sentence, the United States Parole Commission failed to consider him for (1) an additional one-level reduction for accepting responsibility in a timely manner, and (2) a downward departure for assisting

foreign authorities.  Dkt. No. 1 at 2.  Relying on the Eleventh Circuit's decision in *Bishop v. Reno*, 210 F.3d 1295 (11th Cir. 2000), Martinez seems to believe that because his incarceration involves a foreign sentence, the Court should consider his petition under § 2241.  Dkt. No. 1 at 2. Martinez argues that he is complaining about the "manner of execution" of his Mexican sentence in the United States and thus, his petition should be considered by this Court pursuant to 18 U.S.C. § 3244(3).  *Id.* Martinez also appears to rely on the Fifth Circuit's decision in *Kinder v. Purdy*, 222 F.3d 209, 214 (5th Cir. 2000), which stated that "the scope of the § 2255 remedy is no different from the scope of the § 2241 remedy."

To the extent Martinez believes this Court should consider the merits of his petition at all, he is mistaken.  This Court does not have subject matter jurisdiction to entertain Martinez's cause of action.  "A determination by the United States Parole Commission . . . may be appealed to the *United States court of appeals for the circuit* in which the offender is imprisoned at the time of the determination of such Commission."  18 U.S.C. § 4106A(b)(2)(A) (emphasis added); *see also Hernandez v. Bragg*, No. EP-08-CA-177, 2008 WL 2221769 at *1 (W.D. Tex. May 22, 2008). Martinez's petition makes it clear that he is seeking review of the Parole Commission's determination of his Mexican sentence.  Dkt. No. 1.  As such, this Court does not have jurisdiction to consider Martinez's instant petition.[1]

Accordingly, the Court **RECOMMENDS** that the District Court **DISMISS WITHOUT PREJUDICE** Jaime Antonio Martinez's Petition for Writ of Habeas Corpus  (Dkt. No. 1).

---

[1] The Court also notes that 18 U.S.C. § 4106A(b)(2)(A) provides that a "[n]otice of appeal must be filed not later than 45 days after receipt of notice of such determination."  In this case, Martinez's Post-sentence Investigation Report was prepared on May 13, 2008, and he was sentenced on November 10, 2008.  *See* Dkt. No. 1, Exh. 1; Dkt. No. 23 in *United States v. Martinez*, No. 5:04-CR-00469 (S.D. Tex. filed Mar. 16, 2004).

## II.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 27th day of February, 2014.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE